IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MALEK WASHINGTON,

    Plaintiff

v.    :    CIVIL NO. 3:CV-10-45

COLUMBIA COUNTY PRISON, ET AL.,    (Judge Conaboy)

    Defendants

---

### MEMORANDUM
### Background

Malek Washington (Plaintiff) filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 while confined at the Columbia County Prison, Bloomsburg, Pennsylvania. Service of the complaint was previously ordered.

Named as Defendants are Aramark Food Services, the Columbia County Prison and two (2) prison employees, Warden William Campbell and Correctional Officer Frye. Plaintiff alleges that he and other Muslim inmates submitted verbal and written requests asking Warden Campbell to make arrangements so they could "celebrate Eid-ul-adha (a religious Muslim event)."[1] Doc. 1, ¶ IV(1). The prisoners also

---

1. Eid al-Adha, which is also known as the Festival of Sacrifice, is an important Muslim three day holiday which commemorates the willingness of Ibrahim (Abraham) to sacrifice his son as an act of obedience to God and includes recitation of various prayers and the preparation of a sacrificial meal.

1

requested to be provided with Halal food.[2] Warden Campbell allegedly either denied or ignored those requests. It is also asserted that during a Jumu'ah religious service, CO Frye made offensive verbal remarks regarding Plaintiff's Islamic practices. See id. at (3). Washington seeks compensatory, punitive and nominal damages as well as injunctive relief.

By Order dated October 13, 2010, Plaintiff was granted leave to add a supplemental claim which alleges that during a one (1) week period in February, 2010 he was served pork franks on three (3) separate dates. Washington adds that his alleged ingestion of pork on those dates caused him to become ill. See Doc. 30. A separate Order which was also entered on October 13, 2010 granted plaintiff's requests to be issued subpoenas. See Doc. 31. Copies of the two Orders issued on October 13, 2010 which were mailed to Plaintiff at the Columbia County Prison were returned as undeliverable on October 26, 2010. See Docs. 32 & 33.

By Memorandum and Order dated December 8, 2010, this Court partially granted a motion to dismiss filed by Defendants Campbell, Frye, and the Columbia County Prison. See Doc. 34. Specifically, dismissal was entered in favor of Defendants Columbia County Prison and Correctional Officer Frye. In addition, the motion to dismiss was granted in favor of Warden Campbell with respect to the alleged serving of pork franks to Washington on three (3) separate dates

---

2. A Halal, or lawful diet, includes fruits, vegetables, seafood and meat from herbivorous animals such as cows and chickens that are properly slaughtered. Pork and meat from carnivorous animals is forbidden. See Williams v. Morton, (3d Cir. 2003).

during a one (1) week period in February, 2010, and any claims asserted against the Warden which are solely premised on a theory of respondeat superior. A copy of the December 8, 2010 Memorandum and Order which was mailed to Plaintiff was likewise returned as undeliverable with a notation that Washington was no longer incarcerated at the Columbia County Prison. See Doc. 36.

## Discussion

A pro se litigant has an affirmative obligation to keep the court informed of his or her address. See M.D. Pa. Local Rule 83.18. If his or her address changes in the course of the litigation, the litigant must immediately inform the court of such change. This Court's Standing Practice Order, which was previously provided to Plaintiff, similarly provides in relevant part as follows:

> A pro se plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while the lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address the plaintiff will be deemed to have abandoned the lawsuit.

Doc. 4, p. 5.

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate. See Federal Rule of Civil Procedure 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). A review of the record reveals that Washington has not advised this Court of either his release from prison nor provided it with his current address. Consequently, he

has clearly failed to comply with a requirement of the Court's Standing Practice Order.

Moreover, Washington's failure has prevented this matter from proceeding. The inability of this Court to communicate with Plaintiff is solely the result of his own inaction and prevents the taking of any other sanctions. See Poulis v. State Farm, 747 F. 2d 863 (3d Cir. 1984). It is also noted that since he has not made any filings in this matter since April 26, 2010, it would appear that Plaintiff has lost interest in the prosecution of this matter. See Doc. 28. Since Washington's present whereabouts are unknown, it would be a waste of judicial resources to allow this action to continue.

This Court is satisfied that based on the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted. However, in the event that Washington provides this Court with his current address within a reasonable time period, this determination will be reconsidered. An appropriate order will enter.[3]

AND NOW THIS 11TH DAY OF JANUARY, 2011, IT IS HEREBY ORDERED THAT:

1. Plaintiff's action is dismissed without prejudice for failure to prosecute.

---

3. In a further attempt to contact the Plaintiff, a copy of this Memorandum and Order will be sent to Washington by certified mail with return receipt requested.

2. The Clerk of Court is directed to close this case.

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

4. Defendant Aramark Food Services' motion to dismiss (Doc. 25) is dismissed as moot.

5. The Clerk of Court is directed to send a copy of this Memorandum and Order to Plaintiff by certified mail with return receipt requested.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

5